UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VITO P. PAPARIELLO,<br><br>Plaintiff,<br><br>v.<br><br>ABSOLUTE RESOLUTIONS INVESTMENTS, LLC,<br><br>Defendant. | Civil Action No.  2:21-cv-314<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff VITO P. PAPARIELLO as and for his Complaint against Defendant ABSOLUTE RESOLUTIONS INVESTMENTS, LLC respectfully alleges and shows this Honorable Court:

## I.    INTRODUCTION

1. This is a civil action for actual damages, statutory damages, costs, and attorney's fees brought by Plaintiff VITO P. PAPARIELLO (hereinafter referred to as "Plaintiff"), a consumer, against Defendant ABSOLUTE RESOLUTIONS INVESTMENTS, LLC (hereinafter referred to as "Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692, *et seq.*, which prohibits debt collectors, such as the defendant, from engaging in abusive, deceptive, and unfair practices against consumers, such as the plaintiff herein.

## II.    JURISDICTION AND VENUE

2. This is a civil action to enforce liability created under the FDCPA.

3. 15 U.S.C § 1692k(d) provides, "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."

4. Jurisdiction is proper in this Court under 15 U.S.C § 1692k(d).

5. 28 U.S.C § 1331 provides, "The [United States] district courts shall have original jurisdiction of all civil actions arising under Constitution, laws, or treaties of the United States."

6. The FDCPA are "laws . . . of the United States" under 28 U.S.C § 1331.

7. Jurisdiction is proper in this Court under 28 U.S.C § 1331.

8. Defendant transacts business in Pittsburg, Allegheny County, Pennsylvania.

9. Defendant regularly and systematically transacts business in Pittsburg, Allegheny County, Pennsylvania.

10. Defendant has collected debt or attempted to collect debt from debtors located in Pittsburg, Allegheny County, Pennsylvania.

11. Defendant has sufficient contacts in this judicial district to make it subject to the personal jurisdiction of this Court.

12. Defendant is a limited liability company.

13. Defendant is a foreign limited liability company.

14. Plaintiff resides in Pittsburg, Allegheny County, Pennsylvania.

15. 28 U.S.C. § 1391(b)(1) provides, in pertinent part, that "[a] civil action may be brought in a judicial district in which any defendant resides[.]"

16. 28 U.S.C. § 1391(c)(2) provides, in pertinent part, "For all venue purposes—an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district which such defendant is subject to the court's personal jurisdiction[.]"

17. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1).

### III.   PARTIES

18. Plaintiff is a natural person.

19. Plaintiff is allegedly obligated to pay a debt.

20. 15 U.S.C. §1692a(3) provides, "The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt."

21. Plaintiff is a "consumer" as defined under 15 U.S.C. §1692a(3).

22. Defendant's business regularly involves the collection of consumer debts.

23. Defendant's business regularly involves attempting to collect consumer debts.

24. Defendant uses the mails in connection with its business.

25. Defendant uses instrumentalities of interstate commerce or the mails in their business with the principal purpose of the collection of debts.

26. Defendant's business involves collecting debt owed or due to another.

27. Defendant regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another.

28. 15 U.S.C. § 1692a(6) provides, in pertinent part, "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another."

29. Defendant's website is www.ari-res.com ("Website").

30. Defendant on its Website represents itself as a "debt collector" and that its communications are "an attempt to collect a debt."

31. Defendant is a "debt collector" as defined under 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

32. Plaintiff recently reviewed his consumer report on Credit Karma®.

33. Credit Karma® is a registered trademark of Credit Karma, LLC.

34. Credit Karma® offers consumers free credit scores, reports, and insights via its website, www.creditkarma.com, and smartphone application ("App").

35. Plaintiff observed a trade line from Defendant on his Equifax and TransUnion consumer reports accessed via Credit Karma.

36. Defendant furnished consumer reporting agencies ("CRAs") a tradeline in Plaintiff's name of $23,960 allegedly owed to 12 WEBBANK ("Alleged Debt").

37. Defendant furnished CRA's the Alleged Debt imputing it to be allegedly owed by Plaintiff.

38. Defendant reported to CRAs that the Alleged Debt was opened by Plaintiff on April 13, 2017.

39. Plaintiff did not open an alleged debt of $23,960 that is owed to 12 WEBBANK on April 13, 2017.

40. Defendant furnished personal credit information to CRAs allegedly concerning Plaintiff with respect to the Alleged Debt that it knew or should have known to be false.

41. Defendant falsely represented the Alleged Debt to CRAs allegedly concerning Plaintiff as a means to attempt to collect the Alleged Debt from Plaintiff.

42. Plaintiff disputed the Alleged Debt, but it has not been deleted from his consumer reports.

43. Defendant wrongfully alleges and misrepresent to Plaintiff that Plaintiff owes Defendant $23,960.

44. Defendant wrongfully alleged and misrepresented to Plaintiff that Plaintiff owes Defendant $23,960 for an alleged debt with original creditor 12 WEBBANK.

45. Plaintiff does not have an alleged debt of $23,960 with original creditor 12 WEBBANK.

46. Plaintiff does not have an alleged debt of $23,960 with original creditor 12 WEBBANK that is due to Defendant.

47. Plaintiff has not executed any agreement that created an alleged debt of $23,960 with original creditor 12 WEBBANK.

48. Plaintiff has not executed any agreement that created an alleged debt of $23,960 with original creditor 12 WEBBANK that is due to Defendant.

49. Defendant's conduct has proximately caused damages to Plaintiff, including, but not limited to, distress, worry regarding this consumer credit status, loss time from work in having to deal with and dispute the unlawful dunning letters, costs related to mailing of disputes, costs related to filing this claim, loss of appetite while stressed, worried, and dealing with this matter, annoyance, irritability, and other manifestations of damages related to Defendant's alleged conduct above.

50. But for Defendant attempting to collect the subject alleged $23,960 debt from Plaintiff, Plaintiff would not have the related distress, worry, loss time, costs, loss of appetite, and other manifestations related to Defendant's conduct.

51. The nature of Defendant's noncompliance with the FDCPA is systemic and not atypical as Defendant is the subject of many similar allegations by other consumers.

52. Defendant's conduct alleged above was intentional.

53. Defendant's alleged conduct described above has damaged and continues to severely damage Plaintiff's personal credit rating and reputation, and caused Plaintiff to suffer severe humiliation, emotional distress, anguish, any other manifestations related thereto.

### V.    COUNT I – VIOLATION OF 15 U.S.C. §1692e(2)

54. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 53 above.

55. Defendant violated 15 U.S.C. § 1692e(2) by using false, deceptive, or misleading representations or means in connection with the collection or attempted collection of the subject alleged $23,960 debt, including, but not limited to, their false representation of the character, amount, or legal status of the subject alleged $23,960 debt

## VI. COUNT II – VIOLATION OF 15 U.S.C. §1692e(8)

56. Plaintiff realleges and reincorporates the allegations contained in paragraphs 1 through 55.

57. Defendant's alleged conduct described herein above constitute violations of the FDCPA.

58. Defendant's conducted violated, without limitation, 15 U.S.C § 1692e(8) because Defendant communicated to CRAs consumer credit information allegedly concerning Plaintiff regarding the Alleged Debt that Defendant knew or should have known to be false.

59. 15 U.S.C § 1692e(8) provides, in pertinent part, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

60. As a result of Defendant's FDCPA violations, Defendant is liable to the Plaintiff under 15 U.S.C. § 1692k(a) for actual damages, statutory damages, costs, and attorney's fees.

## VII. COUNT III – VIOLATION OF 15 U.S.C. §1692e(10)

61. Plaintiff realleges and reincorporates the allegations in paragraphs 1 through 60.

62. Defendant's alleged conduct described herein above constitute violations of the FDCPA.

63. Defendant's alleged conduct violated, without limitation, 15 U.S.C § 1692e(10) by using false representations to CRAs to attempt to collect the subject Alleged Debt from Plaintiff.

64. 15 U.S.C § 1692e(10) provides, in pertinent part, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (10) The use of any false representation or deceptive means to collect any debt or to obtain information concerning a consumer."

65. As a result of Defendant's FDCPA violations, Defendant is liable to the Plaintiff under 15 U.S.C. § 1692k(a) for actual damages, statutory damages, costs, and attorney's fees.

### VIII.   COUNT IV – VIOLATION 15 U.S.C. § 1692f(1)

66. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 65 above.

67. Defendant's alleged conduct described herein above constitute violations of the FDCPA.

68. Defendant violated 15 U.S.C. § 1692f(1) by using unfair or unconscionable means to attempt to collect the subject alleged $23,960 debt, including, but not limited to, the attempted collection of an amount (including any interest, fee, charge, or expense incidental to the principal obligation) that is not expressly authorized by any agreement creating the debt or otherwise permitted by law.

69. 15 U.S.C § 1692f(1) provides, in pertinent part, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

70. As a result of Defendant's FDCPA violations, Defendant is liable to the Plaintiff under 15 U.S.C. § 1692k(a) for actual damages, statutory damages, costs, and attorney's fees

### IX. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a jury trial and judgment against Defendant for:

a. Actual damages in an amount to be determined at trial under 15 U.S.C 1692k(a)(1);

b. Statutory damages in the maximum amount pursuant to 15 U.S.C 1692k(a)(2);

c. Costs of this action and attorney's fees pursuant to 15 U.S.C 1692k(a)(3); and

d. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

Date: March 7, 2021

s/ Brian L. Ponder
Brian L. Ponder, Esq. (NY 5102751)
BRIAN PONDER LLP
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 450-9461
Facsimile: (646) 607-9238
Email: brian@brianponder.com
ATTORNEY FOR PLAINTIFF